UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHNSON CONTROLS, INC.,**
a Wisconsin corporation,

        Plaintiff,

v.

**ACTOR Products GmbH,**
a German limited liability company,

        Defendant.
_____/

Civil Action No. 09-14155
HONORABLE DENISE PAGE HOOD

**Proof of Service**

The undersigned certifies that a copy of this **Order** was served on the attorneys of record herein by electronic means or U.S. Mail on **May 19, 2010**.

s/Kim Grimes
Case Manager Supervisor, Acting in the Absence of William Lewis, Case Manager

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR EXPEDITED TRIAL OR EVIDENTIARY HEARING

**I.   INTRODUCTION**

This matter is before the Court on Plaintiff Johnson Controls, Inc.'s (JCI) Motion for Partial Summary Judgment and/or Expedited Trial or Evidentiary Hearing **[Docket No. 42, filed on April 8, 2010]**. Defendant filed a Response **[Docket No. 46, filed on May 3, 2010]**, to which Plaintiff filed a Reply **[Docket No. 48, filed on May 7, 2010]**.

**II.   STATEMENT OF FACTS**

As the Court has previously noted, JCI is a direct supplier of automobile components to automobile manufacturers based in Wisconsin. Defendant ACTOR Products GmbH is an automobile component supplier based in Germany. In 2007, Chrysler awarded Plaintiff the supply business for head restraints. Plaintiff awarded the supply business for components within the headrest to Defendant. Plaintiff and Defendant entered into an Award Letter. Plaintiff

1

maintains that both parties expressly agreed to exclusive jurisdiction, in the State of Michigan, over any dispute between them. Defendant, however, asserts that the Terms and Conditions (Germany) apply, resting exclusive jurisdiction to disputes arising from the contract in the District Court in Cologne, Germany.

This matter is also before the District Court in Cologne, Germany. The German Court has purportedly indicated that it will issue a Judgment on June 11, 2010. Plaintiff argues that the German Court intends to apply the German terms. Plaintiff now seeks partial summary judgment on the issue of which terms and conditions apply under the Award Letter, which would have the effect of determining where jurisdiction is proper. Alternatively, Plaintiff seeks an expedited trial or an evidentiary hearing limited to the issue of which terms and conditions apply, again having the effect of determining which court has jurisdiction over this matter.

## III. APPLICABLE LAW & ANALYSIS

### A. Partial Summary Judgment

#### 1. Standard of Review

Pursuant to Rule 56(c), summary judgment may only be granted in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing no dispute as to any material issue. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). A dispute must be evident from the evidence in order to deny such a motion. Such a dispute must not merely rest upon the allegations or denials in the pleadings, but instead must be established by affidavits or other

2

documentary evidence. Fed.R.Civ.P. 56(e). When ruling, the Court must consider the admissible evidence in the light most favorable to the non-moving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

**2.    Analysis**

The issue of which terms and conditions govern the contract in this case is highly contested. Plaintiff argues that Defendant consented to jurisdiction in three separate documents: an Award Letter, two Supplier Statement of Works ("SSOW"), and Plaintiff's purchase order. According to Plaintiff, each document expressly incorporated Plaintiff's Global Terms and Conditions of Purchase (the "North American Terms"), under which Defendant expressly agreed to be subject to personal jurisdiction in Michigan and to be bound by Michigan law. Defendant argues that it was never able to access the website referenced in the Award Letter purporting to contain the terms and conditions governing the agreement. Defendant further contends that it signed the Award Letter based upon the representation that the parties would be subject to the Terms and Conditions (Germany), and that it was repeatedly provided the Terms and Conditions (Germany) as the governing terms.

In Michigan, the paramount goal when interpreting a contract is to give effect to the intent of the contracting parties. *Old Kent Bank v. Sobczak*, 243 Mich. App. 57, 63-64 (2000). The court is to read the agreement as a whole and attempt to apply the plain language of the contract itself. *Id*. If the intent is clear from the language of the contract itself, there is no place for further construction or interpretation of the agreement. *Farm Bureau Mut. Ins. Co. v. Nikkel*, 460 Mich. 558, 566 (1999). A contract provision that is clear and unambiguous must be "taken and understood in [its] plain, ordinary, and popular sense." *Mich. Mut. Ins. Co. v. Do-well*, 204

3

Mich. App. 81 (1994). Unambiguous contract provisions are not subject to interpretation and must be enforced as written. *Id*.

Plaintiff has provided exhibits including the Award Letter, two Supplier Statements of Work, and a Purchase Order. The Award Letter lists a URL for a website at which the terms and conditions are posted, which Plaintiff claims are the JCI Global Terms and Conditions. The two SSOWs contain a different URL address from that listed in the Award Letter, which Plaintiff claims also contain the Global Terms and Conditions. Plaintiff's counsel claims that the purported terms and conditions on the website include the same "paragraph 34," establishing exclusive jurisdiction in the State of Michigan. Defendant argues that it was never able to access the website contained in the Award Letter. Defendant asserts the terms and conditions were requested of Ms. Rotondi, a Purchasing Manager at JCI, and JCI's apparent local representative. Defendant claims Ms. Rotondi tendered Terms and Conditions (Germany), Exhibit 6 to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment and/or Expedited Trial or Evidentiary Hearing, which established jurisdiction in Germany under paragraph 24. Plaintiff provides the declaration of Ms. Rotondi, denying that she ever provided the German Terms to an ACTOR representative, and the affidavit of David Kocab, Senior Group Counsel for JCI, stating that the only document available at the website links was JCI's Global Terms, rather than any German terms.

In response, Defendant has provided the declarations of Franz Bierbrauer, General Manager of ACTOR, stating that the Global Terms and Conditions now referred to by JCI were not available at the website when the contract was executed. Werner Stachowitz, the Manufacturing Manager of ACTOR, provided a declaration stating that Ms. Rotondi provided

4

him personally with the document titled, "Terms and Conditions (Germany) for the Purchase of Goods and Services and Spare Parts Destined for the Automobile," while reaffirming that these were the governing Terms and Conditions.  Defendant has provided declarations of Gunther Schaub and Petra Prinz, ACTOR employees, who also maintain that Ms. Rotundi provided ACTOR with the Terms and Conditions (Germany) as the governing terms and conditions.  Defendant has also provided the Court with copies of the Terms and Conditions (Germany).

Viewing all facts in the light most favorable to the non-moving party, the Award Letter itself is unambiguous.  It clearly states:

> [t]he parties' entire relationship and any purchase order(s) issued by Johnson Controls in connection with this program will be governed exclusively by Johnson Controls' Global Terms and Conditions of Purchase and any expressly applicable Country Supplement(s) (all available at https://portal.covisint.com/portal/public/_1:en/tp/jci), except as modified by this letter.  All other terms are rejected.

Exhibit 2 to Plaintiff's Partial Motion for Summary Judgment and/or Expedited Trial or Evidentiary Hearing.  However, the intent of the parties becomes ambiguous because of the provision of the Terms and Conditions (Germany) allegedly supplied by an apparent agent, Ms. Rotondi.  The Court finds that summary judgment on the issue of what terms and conditions apply is improper at this time, as there remain genuine issues of material fact for the trier of fact.

**B.    EXPEDITED TRIAL OR EVIDENTIARY HEARING**

Plaintiff alternatively requests an expedited trial or evidentiary hearing for the purpose of determining which terms and conditions apply.  As stated above, the Court has found that there are genuine issues of material fact that remain on this issue.  The resolution of this issue requires some discovery.  Although there is currently a Scheduling Order in place [Docket No. 39, filed on March 18, 2010], the Court is amending the order to provide limited discovery and an

5

evidentiary hearing on the issue of which "terms and conditions" apply.

Plaintiff must make Ms. Rotondi available for purposes of deposition. Plaintiff must also access and provide exactly what was posted on the website on the day the Award Letter was entered into, as well as any subsequent changes, and make the webmaster available for a deposition, if necessary. Defendant must make those individuals available who claim to have received the Terms and Conditions(Germany) from Ms. Rotondi for deposition by Plaintiff, if Plaintiff so chooses. This limited discovery must be completed within two weeks from the entry of this Order. An evidentiary hearing will be held on this issue on June 8, 2010, at 10 a.m. A joint witness list must be filed by June 7, 2010.

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff Johnson Controls, Inc.'s Motion for Partial Summary Judgment and/or Expedited Trial or Evidentiary Hearing **[Docket No. 42, filed on April 8, 2010]** is **GRANTED IN PART** (with respect to the request for an evidentiary hearing).

**IT IS FURTHER ORDERED** that the Scheduling Order is amended to allow the limited discovery described in this Order, to be completed no later than June 2, 2010.

**IT IS FURTHER ORDERED** that an evidentiary hearing be held on June 8, 2010 at 10 a.m.

                                            s/Denise Page Hood
                                            Denise Page Hood
Dated:  May 19, 2010                  United States District Judge